## In re ROMOLA, INC.'S RECEIVERSHIP.*

## FRANKLIN v. ETHANAC RANCHO, Limited, et al.

### No. 6686.

Circuit Court of Appeals, Ninth Circuit.
March 28, 1932.

*Rehearing denied June 24, 1932.

W. I. Gilbert and Thomas P. Cruce, both of Los Angeles, Cal., for appellant.

Ogden, Steelman & Crocker, of Los Angeles, Cal., for appellee Ethanac Rancho, Limited.

James E. Kelby and Gordon Lawson, both of Los Angeles, Cal., for appellee Youngworth.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal by E. J. Franklin, a creditor of Romola, Incorporated, a Nevada corporation, from an order of the District Court made June 16, 1931, "ordering the receiver to turn over to petitioner and respondent Ethanac Rancho, Ltd., personal property, etc." We quote from the petition for appeal and the order allowing the same.

The appellant claims that in the order appealed from the trial court required the receiver to turn over to the Ethanac Rancho, Limited, some $28,000 which the receiver had collected upon contracts which had been assigned to and which belonged to the appellant. Respondent contends in effect that the money thus paid the receiver and turned over to the respondent was not paid upon the contracts in question at all, but under a separate and distinct agreement.

In order to understand the relative contentions of the parties, it will be necessary to more fully state the facts involved and this we will endeavor to do as briefly as may be. It appears that one Hursh, the promoter of the Romola, Incorporated, conceived the idea of purchasing, subdividing, improving, and selling about 9,000 acres of land, near the city of Perris, in the county of Riverside, State of California. In pursuance of this plan Hursh entered into contracts for the purchase of the land with various owners for an agreed price of about $118 per acre, on the average. He took deeds to the property and gave trust deeds thereof to the vendors to secure the payment of the balance of the purchase price. Thereafter the land was subdivided and a selling campaign was inaugurated and some 5,000 contracts entered into with purchasers of various tracts. These contracts in general provided for the payment of the purchase price of the land at greatly enhanced prices over the original cost of the land to Romola, Incorporated, and provided that Romola, Incorporated, would plant out the land to figs or grapes as agreed, and care for, prune, cultivate, and irrigate the same for a period of three years following the planting, and when the purchaser had completed the payment of the purchase price the property was to be deeded to the purchaser free and clear of incumbrances. The scheme contemplated the development of water and the securing of water rights for the irrigation of the lands thus subdivided and sold. Under these agreements, large sums of money, amounting to over a million dollars, were paid by the various purchasers to Romola, Incorporated. A large part of the money was utilized to pay the commissions of agents who sold the land, some $600,000 was paid for the development of water and the acquisition of water rights, and large sums were expended in care and maintenance of the property, payment of taxes and interest, and a portion of the money was devoted to the payment of the obligation secured by the trust deed to the original vendors. At the time Romola, Incorporated, applied for receivership, it was in financial difficulties, unable to carry out its obligations

in accordance with the terms of its agreements, and unable to give title to the purchasers with whom it had entered into contracts of sale. Leo V. Youngworth was appointed receiver and took charge of the property of Romola, Incorporated. In order to carry out the terms of the agreements entered into by Romola, Incorporated, with the purchasers, it is essential that the cultivation and irrigation of the land under contract should be continued and the taxes upon the land should be paid, the judgment liens aggregating some $60,000 upon the property should be paid, and arrangement be made for the satisfaction of the deeds of trust covering the property, as and when the respective purchasers complete the purchase in pursuance of their several agreements. The corporation had no assets available for this purpose and the purchasers were unwilling to continue the payment of the amounts due from them upon their respective contracts of purchase.

These land holders met and agreed among themselves and with the receiver that they would continue the payment upon their contracts to him upon the express agreement and understanding that the amount so paid would be held by him in trust for application upon the liquidation of the liens upon their respective pieces of property and the care of their property as required by their contracts, so that by such payments they might receive the land which they had purchased free and clear of incumbrances and improved as contemplated by the terms of the agreement of their original purchase. Some question is raised as to the propriety of the receiver of the corporation accepting the trust thus imposed upon him by the terms of the agreement with the purchasers. The point is only important in so far as affects the rights of the appellant, to which we will presently refer more in detail.

Thereafter, it being apparent that the only opportunity of the purchasers to secure the fruits of their agreement with Romola, Incorporated, for the purchase of their land was by mutual agreement and co-operation, they entered into an arrangement for the organization of the respondent co-operative corporation, the Ethanac Rancho, Limited. After the purchasers had thus organized the Ethanac Rancho, Limited, as their agent, they applied to the District Court for an order turning over to it all the property of Romola, Incorporated, including the moneys which had been paid into the hands of the receiver as installments of purchase money on the several tracts purchased by incorporators of the Ethanac Rancho, Limited, from Romola, Incorporated. By its order the court recognized the validity of the arrangement made by the receiver with the purchasers for the impounding of the funds paid by them into his hands. It recognized the impossibility of the receiver carrying out the contracts of Romola, Incorporated, by continuing the operation and management of the property, and by paying off the liens thereon as required by the terms of the several agreements of sale and for that reason ordered the funds that had been paid into the hands of the receiver by such purchasers returned to their agent, the Ethanac Rancho, Limited, in conformity with the agreement to that effect theretofore entered into by them previous to the payment by them to the receiver of the installments due or coming due under their contracts. The claim of the appellant that he is adversely affected by such order of the court is based upon the fact that he had advanced to Romola, Incorporated, $31,000, and that to secure the repayment to him of that amount the Romola, Incorporated, had transferred to him contracts of sale entered into by it with its various purchasers of land. The purchase price in the several contracts aggregates the amount of about $228,000. In addition thereto, Romola, Incorporated, deeded to him some, but not all, of the land covered by the several contracts which were assigned to him, as aforesaid. The deed conveying this land, though absolute in form, was conceded to be intended as a mortgage of the land therein described, and therefore had that effect, subject to prior liens, evidenced by deed of trust (California Civil Code, §§ 2920, 2924, 2925, 2926). Appellant's contention is that he was entitled to the installment payments made by the purchasers upon the several contracts which had been assigned to him. This would no doubt be true, were it not for the fact that the payments were not made as payments upon the several contracts in recognition of and in compliance therewith, but were conditional payments made to the receiver as trustee for the purchasers, and were made to him upon the assumption that Romola, Incorporated, had by its application for receivership admitted its inability to carry out the contracts which it had entered into with them. The return of this money thus paid to the agent of the several purchasers was a recognition by the trial court of the fact that the money was neither legally nor equitably due from the purchasers to Romola, Incorporated, or to its receiver.

In view of this state of facts we do not see that the rights of the appellant have been in any wise prejudiced by the action of court in returning to the purchasers, or their agent, the money they had paid to the receiver upon the express agreement that this should be done in the event that the receiver was unable to comply with the terms of the contract entered into by Romola, Incorporated.

Order affirmed.